Argued Feb. 9, decided March 14, rehearing denied May 16, 1911.

## NEVADA DITCH CO. v. CANYON & SAND HOLLOW DITCH CO.

[114 Pac. 86.]

EVIDENCE—TESTIMONY IN ANOTHER CASE.

1. Under Sections 852, 932, L. O. L., authorizing testimony given on a former trial to be read in suits between the same parties on the same subject, testimony given by a decedent in a former suit not involving the same subject is inadmissible.

WATERS—APPROPRIATION—USE.

2. The *bona fide* intention which is required of an appropriator to apply water to some useful purpose may comprehend a use to be made by or through another person, and upon lands and possessions other than those of the appropriator.

WATERS—APPROPRIATION—PRIORITY—EVIDENCE—WEIGHT.

3. Evidence *held* to show that defendants' appropriation of waters for irrigation was initiated, prosecuted, and completed by a date prior to plaintiff's.

WATERS—APPROPRIATION—AMOUNT.

4. An allowance of one inch of water to an acre for irrigation in adjusting priorities will not be increased to allow for seepage and evaporation; that amount being intended to include such loss.

From Malheur: GEORGE E. DAVIS, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

Plaintiff alleges that it is the owner of 3,037 inches of water, miner's measurement, under six-inch pressure, of the waters of Malheur River, diverted therefrom at a point in section 21, township 18 S., range 41 E., W. meridian, in Malheur County, Oregon; that such right was acquired on July 12, 1881, for irrigation of lands of the plaintiff's stockholders in sections 20, 19, 17, and 18, township 18 S., range 46 E., and sections 23 and 24, township 18 S., range 45 E., which is prior in time and superior in right to any diversion by defendants; that defendants, without right, divert water by means of a ditch and dam from the river at a point in section 3, township 19 S., range 43 E., above plaintiff's point of diversion, in large quantities, which deprives plaintiff of

the amount of water to which it is entitled, to its great injury and damage; and that they threaten to, and unless restrained will continue to, wrongfully divert the same. Plaintiff also alleges that it prosecuted the suit of the *Nevada Ditch Company* v. *Bennett,* 30 Or. 59 (45 Pac. 472: 60 Am. St. Rep. 777), to final decree, establishing its rights, above mentioned, as dating from July 12, 1881, and fixing its amount of diversion at 2,000 inches of water, final decree therein having been entered June 29, 1896. Plaintiff asks that it be adjudged to be the owner of 3,037 inches of water prior and superior to defendants, and that they be enjoined from preventing the flow of that amount of water to the head of plaintiff's ditch.

The defendants deny that plaintiff is the owner of the water right alleged, or that it dates from July 12, 1881, or that it has acquired a right to 3,037 inches thereof, or any other amount prior to the defendant, and allege that the predecessor in interest of defendant company, J. B. McLaughlin, in February, 1881, entered upon the channel of Malheur River in section 3, township 19 S., range 43 E., the same being at that time unoccupied government land, and posted a notice of a water right thereon, claiming 5,000 inches; that they thereupon commenced the construction of the ditch, and thereby diverted 2,500 inches of water, which diversion was completed during the year 1883, for irrigation upon the S. 1/2 of section 6, and upon section 8, township 19 S., range 44 E., and sections 2 and 12, township 19 S., range 43 E., which, at that time, were government lands. J. B. McLaughlin, S. P. Stacey, and others occupied portions of these lands, and they anticipated the immediate settlement of parts thereof by others, including these defendants, and their predecessors in interest; large portions of the lands lying under the contemplated ditch and subject to irrigation therefrom, such ditch

being known as the "McLaughlin ditch." Defendants further allege that the ditch and appropriation thereby is prior in time and right to any claim by plaintiff, that defendants' rights in the McLaughlin ditch or those of their predecessors in interest were not involved in the suit of *Nevada Ditch Co.* v. *Bennett*, 30 Or. 59 (45 Pac. 472: 60 Am. St. Rep. 777), and therefore they are not bound thereby.

The testimony was taken before a referee from which the court found that defendants have a prior right to 1,000 inches of water, and rendered a decree accordingly. Plaintiff appealed therefrom, and defendants also appeal from that part of the decree which limits their right to 1,100 inches of water. AFFIRMED.

For appellant there was a brief over the names of *Messrs. Emmons & Webster, Messrs. Williams, Wood & Linthicum,* with oral arguments by *Mr. Lionel R. Webster* and *Mr. Charles E. S. Wood.*

For respondent there was a brief over the names of *Messrs. Brooke & Tomlinson* and *Mr. John W. McCulloch,* with an oral argument by *Mr. Vernor W. Tomlinson.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. It may be stated, first in regard to plaintiff's appeal, that the evidence given by J. B. McLaughlin, now deceased, at the trial of the case of *Nevada Ditch Co.* v. *Bennett,* 30 Or. 59 (45 Pac. 472: 60 Am. St. Rep. 777), which is offered here as evidence of the facts testified to, was incompetent. Section 932, L. O. L., provides that, when the reporter's notes of the trial are transcribed and certified, they shall be *prima facie* a correct statement of the testimony, and may be read thereafter as evidence, as the deposition of a witness, in the cases mentioned in Section 852, L. O. L. That section provides that a deposition, when once taken, may be read in said action or suit or in any other action or suit between the

same parties or their representatives upon the same subject. It appears from the record that this ditch was not the subject of litigation in the former suit, and the deposition was therefore incompetent. Neither are defendants affected by the findings or decree in that suit for the same reason.

As to the date of the McLaughlin appropriation, Mrs. McLaughlin testified that early in the spring, not later than March, 1881, J. B. McLaughlin posted a water right notice, cleared sage brush off of the land, and did some scraping toward the construction of the McLaughlin ditch; that she went to the ditch on the 12th day of July, 1881, while he was at work there, and states why she has good reason to remember the circumstances and time. Mrs. Stacey testifies that her husband prior to 1881 had an arrangement with J. B. McLaughlin to move down to Malheur River, and early in the spring of 1881 that her husband, at the request of J. B. McLaughlin, went down there to attend a ditch meeting. Mr. Frohman testifies that in March, 1881, McLaughlin was at work on the ditch; that he did some plowing and cut brush on the line of the ditch. Mr. Mumford testifies that on the fourth day of July, 1881, McLaughlin showed him the ditch, and he saw that he had done some work on it. Mr. Linebarger testifies as to a meeting of six settlers held in February, 1881, at his house, to arrange about this ditch, and that an agreement was made in the interest of all, and that McLaughlin was to proceed with it, the others to contribute their part in work and money. Mr. Rinehart states that in June, 1881, he saw that work had been done on the ditch. Also F. W. Stacey and A. A. Robbins testified that work had been done thereon in the spring of 1881. On May 18, 1882, Foster saw the notice, and saw that work had been done on the ditch. There can be no doubt but that a notice had been posted and some plowing and clearing had been done on the line of

the ditch in the spring and summer of 1881.    There is some testimony as to admissions of J. B. McLaughlin on the trial of the Bennett case and at other times, to the effect that his ditch was not constructed until 1882. The admissions proved show that at that time he was contending that his right was prior to the Nevada Ditch Company, and that the company so admitted.    He was not asked about the initiatory steps.    His right was not involved in that suit.    He was not represented by counsel, and these admissions are not such as to overcome the positive and direct testimony of the several witnesses named.

2. We have no doubt from the evidence that McLaughlin, Stacey, Linebarger, and others, in good faith, contemplated the immediate use of a large amount of water from the Malheur River for the purpose of reclaiming arid lands, portions of which they occupied, and they expected that other parts thereof would be immediately taken by other settlers.    At that time they contemplated a use of the water, not only by themselves, but by such others as might come under this ditch.    The sufficiency of such a contemplated use was first announced in the case of *Nevada Ditch Co.* v. *Bennett,* 30 Or. 59 (45 Pac. 472: 60 Am. St. Rep. 777), by which this plaintiff acquired the right upon which it now relies, and the McLaughlin ditch right is upon the same stream, initiated the same year, under the same conditions, and in the same vicinity.    The statement of Mr. Justice WOLVERTON in that case is just as applicable to this namely:    "We take it, therefore, that the *bona fide* intention which is required of the appropriator to apply the water to some useful purpose may comprehend a use to be made by or through another person, and upon lands and possessions other than those of the appropriator.    Thus the appropriator is enabled to complete and finally establish his appropriation through the agency of the user."

3. From the testimony of Mrs. McLaughlin it appears that McLaughlin was expecting to take in others with him on the ditch, get all the help he could, that he had in view Stacey, Craig, Sherman, and Long came afterward. She says that they did come, and that he took them in, and they worked and helped take out the ditch, and paid for their interest in work. It does not appear that much work had been done in the construction of the ditch in the summer of 1881. By April, 1883, water was used through it, and we conclude that defendants' appropriation was initiated in March, 1881, and prosecuted with reasonable diligence thereafter and completed in 1883, and was therefore prior in time and superior in right to the plaintiff.

4. As to defendants' appeal, the only question is to the amount of the appropriation. Defendants do not question the findings of the trial court that 1,120 acres of land is the whole quantity irrigated by them. And the court fixed the amount of water needed as one inch to the acre, and decreed to them a prior right to that amount. They now contend that the amount should be increased to allow for seepage and evaporation. We understand that under ordinary circumstances an allowance of one inch to the acre is intended to include seepage and evaporation, and think that the allowance of the lower court is sufficient.

The decree is affirmed.

AFFIRMED: REHEARING DENIED.