Argued and submitted December 12, 1979, reversed and
remanded for new trial March 10, 1980

STATE OF OREGON,
*Respondent,*
*v.*
GARY LYNN SUTTERFIELD,
*Appellant.*

(No. 18-632, CA 14302)

607 P2d 789

J. Marvin Kuhn, Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General,
Salem, argued the cause for respondent. With her on
the brief were James A. Redden, Attorney General,
and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, Richardson, Judge,
and Schwab, C.J.*

## JOSEPH, P.J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

**JOSEPH, P.J.**

Defendant appeals his convictions for rape in the first degree, sodomy in the first degree and kidnapping in the second degree, contending that the trial court erred in allowing the state to call a witness who it knew would invoke his privilege against self incrimination.

The state called the witness, Steven Ewing, to testify on rebuttal. Out of the presence of the jury, the court asked him whether he intended to answer any questions. Ewing emphatically refused, because he had an appeal pending from convictions for crimes resulting from the same events that he would be asked to testify about. The court ruled that, having been convicted, he could not assert the privilege against self incrimination and ordered him to testify. He then appeared before the jury and, in response to questioning, asserted his right against self incrimination because of his pending appeal. The court, also before the jury, ordered him to answer. He refused. He then left the witness stand after being warned that he might be held in contempt.

In *State v. Abbott,* 275 Or 611, 613, 552 P2d 238 (1976), the Supreme Court reaffirmed its holding in *State v. Johnson,* 243 Or 532, 413 P2d 383 (1966), "that it was prejudicial error for the state to call a witness who was defendant's alleged accomplice where the state had been informed that the witness would, as he did, exercise his privilege against self incrimination." The court in *Abbott* affirmed that conviction because the accomplice had no privilege to assert, having pled guilty. In the present case, the witness had pled not guilty, had been convicted and had an appeal pending. At the time of the trial, Ewing still had a privilege against self incrimination because of the possibility of his being granted a new trial. *See State v. Rawls,* 252 Or 556, 557, 451 P2d 127 (1969). Calling Ewing as a

witness and forcing him to assert his right before the jury was prejudicial.[1]

Reversed and remanded for new trial.

---

[1] The state's suggestion that because the witness' conviction was affirmed subsequent to the assertion of the privilege (*State v. Ewing,* 42 Or App 261, 600 P2d 977 (1979)) "any error has become harmless" is, to put it charitably, beside the point.