Submitted on record and briefs June 16,
affirmed August 18, 1980

STATE OF OREGON,
*Respondent,*

*v.*

PAUL LESLIE FROATS,
*Appellant.*

(No. 79-7094, CA 16997)

615 P2d 1078

Submitted on record and briefs June 16, 1980.

Ronald K. Cox, Assistant Public Defender for Coos
County, Coquille, filed the brief for appellant.

[819]

James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Meg Reeves, Certified Law Student, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from his district court conviction for reckless driving. The only issue which merits discussion is defendant's contention that the prosecutor should not have been permitted to argue before the jury about the nonappearance of a witness who, defendant claims, would have refused to testify on self-incrimination grounds if he had been called.[1]

Defendant testified that he was not driving at the time and place in question; that the driver was one Ray Hoppe. In closing argument the prosecutor made much ado about defendant's failure to call Ray Hoppe as a witness. Defense counsel objected to this line of argument and stated: (1) Ray Hoppe's lawyer had informed him (defense counsel) that if Hoppe were called as a witness, he (Hoppe) would refuse to testify on grounds of self-incrimination; and (2) defense counsel had so advised the prosecutor before the start of the trial. The trial court overruled defendant's objection.

■     It is error to call a witness to the stand for the sole purpose of forcing that witness to invoke, in the presence of the jury, his or her Fifth Amendment privilege; it is likewise error to comment in jury argument on the failure of a witness to testify who has validly invoked that privilege. *State v. Abbott,* 275 Or 611, 552 P2d 238 (1976); *State v. Johnson,* 243 Or 532, 413 P2d 383 (1966); *State v. Harper,* 33 Or 524, 55 P 1075 (1899); *State v. Sutterfield,* 45 Or App 145, 607 P2d 789 (1980); *State v. Shaw,* 20 Or App 587, 532 P2d 1143 (1975); *State v. Mitchell,* 6 Or App 378, 487 P2d 1156, *rev den* (1971).

The present problem is what procedures must be followed before this rule can be applied. In *State v. Johnson, supra,* the Supreme Court stated: "If the

---

[1] Defendant's brief fails to comply with Rule 7.19, Supreme Court and Court of Appeals Rules of Appellate Procedure (March 1, 1979), because it does not 'set out verbatim the pertinent portions of the record.' We could affirm on that basis but, instead, because of the novel nature of the procedural question raised, we have resolved it on the merits.

state is at any time uncertain whether or not a witness will refuse to testify, this can be easily determined before the trial court in the absence of the jury * * *." 243 Or at 539. Indeed, in almost all of the above-cited cases the witness in question had first claimed the Fifth Amendment privilege out of the presence of the jury.

We conclude that the procedure suggested by *Johnson* and generally followed in the past is essential before the *Johnson* rule can be applied. This case documents our reasons. On this record we do not know as a fact that Ray Hoppe would refuse to testify when confronted with the reality of the courtroom situation; we only know, accepting defense counsel's representations as true, that at some point before the present trial started it was Hoppe's intent not to testify. More importantly, on this record we do not know whether Hoppe could have asserted a valid Fifth Amendment privilege. *Compare State v. Abbott, supra,* with *State v. Sutterfield, supra.* Finally, accepting anything less than the procedure suggested by *Johnson* could produce a confrontation between attorneys making unsworn representations to the court about who said what to whom.

Absent a record made out of the jury's presence that Hoppe in fact refused to testify and that his refusal was valid, or a stipulation to that effect, we conclude that the prosecutor's comment on Hoppe's not testifying was not reversible error.

Affirmed.