Argued and submitted October 20, affirmed November 24, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## HENRY K. HOWARD, aka H.K.,
*Appellant.*

(No. 79-12-34539, CA 17921)

619 P2d 943

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Buttler, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction after jury trial for possession of a controlled substance. ORS 475.992. His sole assignment of error is that the trial court erred in refusing to admit his offer of prior recorded testimony, given at an earlier related trial. Defendant claims the testimony was properly admissible under ORS 41.900(8). He argues, therefore, the court erred in refusing to admit it. We affirm.

On December 12, 1979, a search warrant was executed at a residence in Portland. During the course of the search, three Portland police officers took up positions in the rear of the house. According to their testimony at defendant's trial, one or more of them observed defendant at a third floor window shaking something out of a plastic baggie onto the roof of the house. One of the officers, Officer McDonnell, stated that at one point he observed the baggie fall out of one of defendant's hands onto the roof and ground. After the house was secured, McDonnell noted green vegetable material on the roof. He also found a bag containing suspected amphetemine tablets on the ground and a rolled baggie containing suspected marijuana on the roof. Defendant was subsequently indicted for possession of both the marijuana and amphetemines.

Prior to defendant's trial a question arose as to certain evidence defendant intended to present in his behalf. Defendant notified the court that he wished to call a Micheal Yeager to testify as to defendant's whereabouts in the residence during the execution of the warrant. Yeager's testimony would, in part, have been to the effect that defendant was not in the third floor window at any time during the execution of the warrant. Yeager, upon advice of counsel, advised the court he would refuse to testify and would invoke his privilege not to incriminate himself as guaranteed in Article I, § 12[1] of the Oregon Constitution

---

[1] Article I, § 12, provides:

"No person shall be put in jeopardy twice for the same offence (sic), nor be compelled in any criminal prosecution to testify against himself."

and the Fifth[2] and Fourteenth[3] Amendments of the Constitution of the United States. Defendant then intended to offer a transcript of testimony given by Yeager during the trial of a murder case which also arose out of the execution of the warrant on December 12, 1979. During the course of that proceeding, Yeager testified to certain matters relevant to defendant's trial. He also, however, invoked his privilege not to incriminate himself on a number of occasions in response to other possibly relevant inquiries by both counsel in that case.

Defendant argued to the trial court that Yeager's present assertion of his Fifth Amendment right made him "unavailable" for the purposes of ORS 41.900(8) and, therefore, allowed defendant to introduce his prior recorded testimony. The state objected because of the witness' repeated exercise of his Fifth Amendment privilege at the previous trial. The court rejected defendant's offer. The case proceeded to trial and defendant was convicted.

■  Defendant again argues on appeal that the witness' prior recorded testimony was admissible under ORS 41.900(8), because Yeager became unavailable as a witness for defendant when he invoked his privilege not to incriminate himself before defendant's trial.

ORS 41.900 provides in pertinent part:

"Evidence may be given of the following facts:
"* * * * *

---

[2] Amendment V provides:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

[3] Section I of Amendment XIV provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

"(8) The testimony of a witness, deceased, or out of the state, or unable to testify, given in a former action, suit, or proceeding, or trial thereof, between the same parties, relating to the same matter."

While we agree that in this case the witness' claim of privilege made him unavailable as a witness to defendant, *State v. Rawls,* 252 Or 556, 451 P2d 127 (1969); *State v. Bryant,* 20 Or App 562, 532 P2d 815, *rev den* (1975), it does not necessarily follow that his entire testimony was then admissible in evidence.

The state raises a number of arguments in regard to this last issue. It contends that because defendant was not a party to the trial in which Yeager's testimony was taken, and because the prior trial involved the crime of murder and not drug possesion, ORS 41.900(8) does not allow admission of the testimony. Specifically, the state argues defendant's trial was not a trial "between the same parties, relating to the same matter" as required in ORS 41.900(8).

■ The second of these two requirements is satisfied in this case. The testimony at the former trial clearly "related to the same matter" as that in issue at defendant's trial. The location of defendant during the execution of the warrant was relevant in both proceedings. This requirement is satisfied when the issue on which the former evidence is offered is common to both cases. It is immaterial that there are other issues in either case, or that the subject matter of the two actions is different. *Re Rights to Waters of Silvies River,* 115 Or 27, 64, 237 P 322 (1925); *State v. Von Klein,* 71 Or 159, 142 P 549, Ac' 16C 1054 (1914).

With regard to the first requirement, we have found no Oregon authority which would support the state's argument. The "identity of parties" requirement in ORS 41.900(8) has been described by commentators as merely a convenient phrase to indicate the underlying requirement with regard to the admission of such testimony, i.e., that the former opponent of the evidence must have had substantially the same motive and opportunity to cross-examine the adverse witness about the same matters as the present party would have. McCormick on Evidence, §§ 256-

57 (2d ed 1972); 5. Wigmore, § 1388 (3d ed 1974). As further stated by McCormick:

"* * * Consequently, if it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party. Identity of interest in the sense of motive rather than technical identity of cause of action or title, is the test. * * *" (Footnote omitted.) *McCormick, supra,* at 620.

■ ■　Here, the state in the former trial had substantially the same motive and opportunity to examine Yeager on matters relevant to defendant's trial. In fact, the state did conduct extensive cross-examination in those areas. A party common to both actions, afforded such cross-examination, cannot raise as a *shield* to otherwise relevant evidence the fact that the *proponent* of the evidence was not the same in both actions. Only where the *opponent* of the evidence has not been assured adequate former cross-examination of a witness will prior recorded testimony be excluded on the basis of such an argument. *Green Mt. L. Co. v. C. & N. R. R.,* 141 Or 188, 16 P2d 1106 (1932); *Obermeier v. Mortgage Co. Holland-America,* 111 Or 14, 224 P 1089 (1924); *Nevada Ditch Co. v. Canyon & S. H. D. Co.,* 58 Or 517, 114 P 86 (1911).

The state's next contention is that the prior testimony is, at least in part, inadmissible. Two reasons are stated: (1) the state was unable to conduct effective cross-examination into possibly relevant matters because of Yeager's repeated assertion of his Fifth Amendment right in response to such inquiries, and (2) because any reference in the testimony by the witness to a claim of privilege against self incrimination would be inadmissible in defendant's trial.

■　The state was denied the right in the former trial to conduct effective cross-examination of Yeager, at least with respect to those inquiries to which he invoked his Fifth Amendment right. In *State v. Bryant, supra,* we held that each side had the right to effective cross-examination. When the state was denied that right, we held inadmissible testimony offered by defendant from a preliminary hearing

when the witness refused to testify. Here, too, the state was denied effective cross-examination as to those matters to which the witness refused to testify. Those references in the prior testimony would therefore be inadmissible against the state in defendant's trial.

■ The state's second argument is equally persuasive. This court has held that it is improper for a defendant to call a codefendant as a witness where the only testimony the witness will give is his or her proper invocation of the privilege against self incrimination. *State v. Mitchell et al,* 6 Or App 378, 487 P2d 1156, *rev den* (1971); *State v. Miller,* 6 Or App 366, 487 P2d 1387 (1971). The rationale for this rule was stated in *State v. Mitchell et al, supra.* We noted, quoting from *Billeci v. United States,* 184 F2d 394, 398 (DC Cir 1950):

> " '* * * The witness in such an incident is exercising a constitutional right personal to himself. That exercise, without more, should not be to the harm of someone else. His answer, if given, might conceivably be that he but not the defendant was guilty of the offense, or it might be that both he and the defendant were guilty; or it might relate entirely to some other offense. * * *' " 6 Or App at 389.

As stated in *State v. Johnson,* 243 Or 532, 413 P2d 383 (1966), it follows from this rule that:

> "Since the witness's right is personal and beyond the control of either the defendant or the state, it is quite clear that the exercise of the right by the witness should be treated as casting no inference either of guilt or innocence." 243 Or at 538.

■ In this case, the only possible reason defendant wished to introduce those portions of Yeager's prior testimony wherein he claimed his Fifth Amendment privilege was to allow the jury to draw the favorable inference that Yeager and not defendant was guilty of the charges. Such evidence was clearly inadmissible. *See also State v. Sutterfield,* 45 Or App 145, 607 P2d 789 (1980); *State v. Shaw,* 20 Or App 587, 532 P2d 1143 (1975).

■ The fact that part of the prior recorded testimony was inadmissible is important because defendant made a single offer of the testimony at the trial level. He at no time suggested to the court that he would remove the inadmissible matter, though defendant's trial counsel conceded

that the references to the witness' assertion of his Fifth Amendment privilege were inadmissible. As the state argues, where a single offer of evidence contains both admissible and inadmissible matter, it is not error for the court to reject the entire offer. *Pumpelly v. Reeves,* 273 Or 808, 812, 543 P2d 682 (1975); *Freedman v. Cholick et ux,* 233 Or 569, 379 P2d 575 (1963); *Smith v. White,* 231 Or 425, 372 P2d 483 (1962); *Heise et ux v. Pilot Rock Lbr. Co.,* 222 Or 78, 352 P2d 1072 (1960). The court in such a case is under no duty to sort out the admissible matter, but can properly reject the whole offer where any part is incompetent. *Smith v. White, supra.*

■    The above noted authorities applied this rule to civil actions.[4] We have found no Oregon case which has addressed the issue with regard to criminal prosecutions. A majority of jurisdictions, however, apply the rule in criminal cases as well. *See* Annot. 89 ALR2d 179, 306 (1963); 23 CJS Criminal Law 1128 (1961). Defendant presented the court with a single offer of proof. The offer contained inadmissible as well as admissible matter. Defendant chose neither to offer to remove any inadmissible portion nor to make separate offers as to each question and answer. *Morey, Administratrix v. Redifer et al,* 204 Or 194, 264 P2d 418, 282 P2d 1062 (1955). The court did not, therefore, err in refusing to admit the testimony.

Affirmed.

---

[4] *See also Green v. Uncle Don's Mobile City,* 279 Or 425, 568 P2d 1375 (1977); *Rader v. Gibbons and Reed Company,* 261 Or 354, 494 P2d 412 (1972); *Cosgrove v. Tracey,* 156 Or 1, 64 P2d 1321 (1937).