140 December 26, 2024 No. 947

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

JOSEPH HENRY KINDRED, JR.,
Joseph Henry M. Kindred,
aka Joseph Henrym Kindred,
*Defendant-Respondent.*

Multnomah County Circuit Court
20CR62476; A178804

Thomas M. Ryan, Judge.

Argued and submitted January 24, 2024.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for appellant. Also on the reply brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General. On the opening brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General.

Peter G. Klym, Deputy Public Defender, argued the cause for respondent. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Vacated and remanded in part.

Egan, J., *vice* Jacquot, J.

**AOYAGI, P. J.**

In this interlocutory criminal appeal, the state challenges pretrial rulings regarding four bodycam video clips.[1] Defendant is charged with a single count of fourth-degree assault constituting domestic violence, based on his allegedly punching his estranged wife, R, during an argument. The trial court ruled pretrial to exclude four video clips that show a police officer's interactions with R and defendant. As explained below, we vacate and remand as to two videos, and we affirm as to two videos.

*First Assignment of Error.* The video that is the subject of the state's first assignment of error is a four-minute clip of the officer talking with R in her home, with defendant's and R's daughter present, shortly after the incident that gave rise to the assault charge. In the clip, R explains that she and defendant are in the process of divorcing, then describes the incident that occurred when defendant dropped off their daughter that day. R recounts defendant telling her that he intended to confiscate their daughter's phone, and R resisting that idea; defendant "thr[owing] a fit about it," snatching R's dog, snatching R's phone out of her hand, calling R names, and screaming in the street; R running out to defendant's car and grabbing her phone back; defendant getting out of his car, calling R a name, punching R three times in the face, and taking R's car keys; R screaming for help; and defendant driving away.

Defendant made a hearsay objection to the clip. The state responded that the domestic-violence exception in OEC 803(26) applies. The trial court appears to have agreed with the state on that point. It nonetheless excluded the clip, raising *sua sponte* that the clip contained "inadmissible prior acts" evidence. It explained, "[A]ttempted theft of the phone. Calling names. Some issue with the dog * * *. Snatched victim's car keys. Divorce child visitation issues. None of that's

---

[1] ORS 138.045(1)(d) authorizes the state to appeal a pretrial order "suppressing evidence." Defendant challenges the appealability of the orders at issue here, arguing that the court did not "suppress" evidence as that term is properly understood. However, he acknowledges that the Supreme Court rejected a similar argument in *State v. Jackson*, 368 Or 705, 714-15, 498 P3d 788 (2021), and we are unpersuaded by defendant's attempts to distinguish *Jackson*. We therefore conclude that the orders are appealable.

admissible." The court acknowledged that all of that conduct occurred within the same incident as the alleged assault, but it reasoned that they were still "other acts that serve to distract the jury from its principal task of deciding whether or not the [charged assault] occurred," specifically "[b]y casting the defendant in a negative light." The court further ruled that, in any event, the probative value was substantially outweighed by the risk of unfair prejudice.

The trial court did not cite specific evidentiary rules in excluding the clip on grounds other than those raised by defendant, but, given the parties' arguments and the court's statements, we understand the court to have relied on OEC 404(3) and OEC 403. As relevant here, OEC 404(3) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith[,]" and OEC 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice * * *."

For present purposes, we assume without deciding that defendant's conduct during the charged incident, other than the actual assault itself, qualifies as "other crimes, wrongs or acts" within the meaning of OEC 404—a point that is hotly disputed by the state but that we need not resolve in this case.

The Supreme Court recently reiterated that the admissibility of evidence of a criminal defendant's "other crimes, wrongs or acts" is governed by OEC 404(4), not OEC 404(3). *State v. Davis*, 372 Or 618, 633, 553 P3d 1017 (2024). Unlike OEC 404(3), OEC 404(4) contains no express prohibition on using other-acts evidence for propensity purposes. *Id*. The degree to which propensity reasoning is prohibited under that rule is instead determined by due process limitations and OEC 403 balancing. *See* OEC 404(4)(a), (d) ("In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by: (a) [OEC 406 to OEC 412] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403]; * * * and (d) the United States Constitution."). Thus, other-acts evidence that is admissible

under OEC 403 is also admissible under OEC 404(4). *Davis*, 372 Or at 634-35 ("[T]o be admissible under OEC 404(4), evidence of other acts by the defendant \*\*\* must withstand OEC 403 balancing \*\*\*."). Because the clip was potentially admissible under OEC 404(4), even if it contained other-acts evidence with propensity relevance, the real question is whether the court properly excluded it under OEC 403.

"Even though OEC 404(3) is no longer technically controlling of other acts of a defendant in a criminal trial, considering how the proffered evidence would have fared under that rule will have a significant effect on whether the trial court admits that evidence under the balancing required by OEC 403." *Davis*, 372 Or at 635 (internal quotation marks omitted). In this case, we conclude that the trial court engaged in a faulty analysis under OEC 404(3), which necessarily infected its OEC 403 balancing.

The trial court viewed the clip as deriving much of its relevance from propensity reasoning. We disagree with that view. If credited, evidence that defendant acted aggressively, rudely, or maliciously toward R immediately before and after the alleged assault could persuade a jury that defendant was angry enough with R during the incident to become physically violent—regardless of whether he has a general propensity toward violence. Thus, even if the immediate circumstances of a charged crime might be relevant only as propensity evidence in some other case, that is not so here. The circumstances depicted in the video were relevant to show defendant's demeanor and attitude towards R during the incident itself, without the need to engage in any propensity reasoning.

Because the trial court's erroneous reasoning under OEC 404(3) necessarily skewed the balancing that it performed under OEC 403, we vacate and remand for the trial court to reapply OEC 403 in a manner consistent with this opinion. *See State v. Baughman*, 361 Or 386, 409-10, 393 P3d 1132 (2017) (remanding for the court to reconduct OEC 403 balancing, where its error in assessing relevance and propensity reasoning "necessarily affect[ed]" its OEC 403 balancing).

*Second Assignment of Error.* The video that is the subject of the state's second assignment of error is a 90-second clip that shows a later part of the officer's interaction with R in her home. In the clip, the officer tells R that he has probable cause to arrest defendant for domestic violence, even if R does not want him charged. The officer asks R about her pain levels, and R answers. The officer tells R that he wants to take photos of her face, and R says that she doesn't know what happened to her glasses. The officer and R talk about R's car, with the officer referring to the fact that defendant took R's keys. R mentions, "I have an extra key that I—with him being like he is." R confirms that the car is registered to her alone.

Without waiting to hear any objections from defendant, the trial court excluded the second video of R on the same bases as the first. The court described both clips as "too replete with other acts evidence." Although it viewed the second clip as "arguably more admissible" than the first, it excluded it on the same grounds, pointing in particular to the officer's reference to defendant taking R's car keys, which it described as allegations of "stolen car keys" and "stolen access to a car."

We vacate and remand for similar reasons as the first video. Evidence that defendant took R's car keys during the incident has probative value for nonpropensity reasons, independent of any potential propensity value, and is admissible under OEC 404(4), subject to OEC 403 balancing. We therefore remand for the court to redo its OEC 403 balancing.[2]

*Third Assignment of Error.* The video that is the subject of the state's third assignment of error is a four-and-a-half-minute clip that shows the officer and defendant interacting immediately before and during defendant's arrest. Most of the clip is defendant telling the officer his version of what happened with R that day.

---

[2] Because the trial court *sua sponte* lodged its own objections to the video, it needed to make an adequate record of the nature of those objections. We therefore assume that its ruling was based on the statements that it specifically identified, which were limited to the statements about defendant taking R's keys. To the extent that the court may have had other statements in mind, nothing in this decision precludes the court from revisiting those issues on remand.

Defendant made a relevance objection, citing two portions of the clip—a part at the beginning where defendant describes grabbing R's phone from her, and a part at the end where defendant says that he has a medical condition for which he needs prescription medication and also says that he wants to leave his car keys behind.

The trial court excluded the clip, reasoning that it contained "multiple not relevant portions, and also prior acts, and is not admissible." We disagree with the court's assessment of the earlier part of the clip in which defendant tells his version of what happened; those statements are relevant for a nonpropensity purpose. However, we agree that defendant's statements about his medical condition, prescription medication, and keys are irrelevant. The court therefore did not err in excluding the clip. *See State v. Tiner*, 340 Or 551, 557, 135 P3d 305 (2006), *cert den*, 549 US 1169 (2007) ("[W]hen a single offer of proof contains admissible and inadmissible evidence, the trial court does not err if it rejects the entire offer."); *State v. Howard*, 49 Or App 391, 398, 619 P2d 943 (1980) (the court "is under no duty to sort out the admissible matter, but can properly reject the whole offer where any part is incompetent").

We note that, after the trial court ruled, the prosecutor offered to remove the "meds" portion of the clip, but the court did not revisit its ruling at that point. We base our affirmance on the full video clip that was offered and on which the trial court ruled.

*Fourth Assignment of Error.* The video that is the subject of the state's fourth assignment of error is a 30-second clip that shows the officer interacting with defendant after his arrest. Defendant is very emotional. The officer tells defendant that R has "visible injuries," to which defendant responds that "she did it to herself" and asks the officer to look at his hands and see that "there's nothing but a scratch." The officer tells defendant that he's going to jail that night for domestic violence and that further investigation will occur the next day. Defendant protests that he "didn't do anything."

Defendant objected on hearsay grounds, specifically pointing to the officer's statements about R having visible

injuries and defendant going to jail. The trial court excluded the clip as "replete with hearsay," which the court clarified to mean that it was "not 100% hearsay" but "too much hearsay to be individually broken out."

The characterization of the clip as being replete with hearsay is somewhat perplexing, given that the brief clip contains mostly defendant's own statements. *See* OEC 801(4)(b)(A) (a "party's own statement" offered against him is not hearsay). Nevertheless, it was not reversible error to exclude the clip, because it does contain some hearsay, specifically the officer's out-of-court statements about R having visible injuries and defendant going to jail. The state did not identify below any basis for offering those statements other than for their truth, so the trial court did not err in concluding that they were hearsay and excluding the clip on that basis. New arguments raised by the state on appeal as to why the officer's statements are not hearsay do not provide a basis to reverse; such arguments should be directed, as allowed, to the trial court on remand.

Vacated and remanded in part.